UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GERALDINE MASON and MURPHY MASON, §<br>§<br>*Plaintiffs*, §<br>§<br>v. §<br>§<br>TEXAS FARMERS INSURANCE COMPANY §<br>and SCOTTSDALE INSURANCE COMPANY, §<br>*Defendants.* § | CIVIL ACTION NO. 4:09-CV-03134 |

## **MEMORANDUM AND ORDER**

This Hurricane Ike insurance case is before the court on the defendant Scottsdale Insurance Company's motion for partial summary judgment. (Dkt. 51). The motion is granted in part.

### **Background**[1]

Plaintiffs Geraldine and Murphy Mason own residential property in Houston, Texas, insured by a Standard Flood Insurance Policy and a windstorm policy issued by defendants Texas Farmers Insurance Company (Dkt. 52-1) and Scottsdale Insurance Company, respectively.[2] On September 12 and 13, 2008, Hurricane Ike caused severe damage to homes and businesses in the Gulf Coast region of Texas, including the insured property. The Masons filed a wind damage claim with Scottsdale, and an adjustor inspected the property on September 26, 2008, spending "very little time" at the property. (Dkts. 53-1, 53-4). Scottsdale determined that the Masons suffered $7,930.71 in covered losses (Replacement Cost Value) due to wind. (Dkt. 53-4, at 4). Since this estimate was less

---

[1] The following facts are assumed as true for purposes of these motions only. The court will draw, as it must, all inferences arising from the facts in the light more favorable to the nonmoving party. *Hotard v. States Farm Fire & Cas. Co.*, 286 F.3d 814, 817 (5th Cir. 2002).

[2] The policy issued by Scottsdale is not in the record.

than the $8,250 deductible, Scottsdale denied the Masons' claim on October 16, 2008. (Dkt. 53-2). After the denial, an activity log of one of Scottsdale's adjustors, Elaine Kennedy, shows that on November 6, 2008 she noted that "Damages due to wind have not completely been addressed in estimate." (Dkt. 53-3, at 1). In an email to a flood adjustor, Kennedy admits, "Unfortunately, the original wind adjustor did not prepare a thorough estimate." *Id.* at 2. The Masons' file was re-opened four times after the initial denial.

On November 6, 2008, Kennedy inspected the home, and increased the wind damage Replacement Cost Value to $76,728.43. (Dkt. 53-5, at 21). Even after this second inspection, subsequent estimates have revealed more covered losses and have resulted in payments in excess of $93,000 to the Masons. (Dkt. 53-18). The Masons claim that these investigations are inadequate and should have resulted in the payment of policy limits.

Beyond the $93,000 paid, Scottsdale asserts that the remaining damage was caused by flooding, not by wind. The Masons claim Scottsdale misrepresented the cause of the uncompensated property damage. Subsequent inspections by Paramount Disaster Recovery (Dkts. 53-9, 53-10, 53-11) and Green Engineering Consulting (the engineer hired by Texas Farmers) (Dkts. 53-6, 53-7) suggest that the Masons suffered more wind damages than Scottsdale paid.

The Masons filed suit against Scottsdale and Texas Farmers for breach of contract, fraud, numerous violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. (Dkt. 1). Scottsdale filed this motion for partial summary judgment on the extra-contractual claims. (Dkt. 51).

**Summary Judgment Standard**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). A dispute is "genuine" if the evidence could lead a reasonable jury to find for the non-movant. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir.2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir.2002). The movant has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir.2001). If the movant satisfies its burden, "the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case for which it will bear the burden of proof at trial." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).

**Analysis**

**1.      Breach of the Duty of Good Faith and Fair Dealing (Bad Faith)**

Scottsdale argues that the summary judgment evidence only shows either a dispute over coverage (whether certain damages were caused by wind-damage), or alternatively, only shows evidence of a simple breach of insurance contract.

"An insurer breaches its duty of good faith and fair dealing when the insurer had no reasonable basis for denying or delaying payment of a claim, and the insurer knew or should have known that fact." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–51 (Tex. 1994) (internal quotations and brackets omitted). Thus, "[e]vidence that only shows a bona fide dispute about the

3

insurer's liability on the contract does not rise to the level of bad faith." *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997). "Nor is bad faith established if the evidence shows the insurer was merely incorrect about the factual basis for its denial of the claim . . . . A simple disagreement among experts about whether the cause of the loss is one covered by the policy will not support a judgment for bad faith." *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994). Similarly, it has been said that a breach of insurance contract must be "accompanied by an independent tort" to reach the threshold of bad faith. *Id.*

However, "an insurance company may . . . breach its duty of good faith and fair dealing by failing to reasonably investigate a claim." *Giles*, 950 S.W.2d at 56 n.5 (citing *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). "Moreover, an insurer's reliance upon an expert report, standing alone, will not necessarily shield the carrier if there is evidence that the report was not objectively prepared or the insurer's reliance on the report was unreasonable." *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 542 (S.D. Tex. 1999) (citing *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997)). "The insured must prove that there were no facts before the insurer which, if believed, would justify denial of the claim." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997) (citing *State Farm Lloyds v. Polasek*, 847 S.W.2d 279, 284 (Tex. App.—San Antonio 1992, writ denied)).

Here, the summary judgment evidence shows that on October 7, 2008, Scottsdale initially estimated that the Masons suffered $7,930.71 in damage (Replacement Cost Value) due to wind. (Dkt. 53-4, at 4). Since this estimate was less than the $8,250 deductible, Scottsdale denied the Masons's claim. (Dkt. 53-2). After the denial, an activity log of one of Scottsdale's adjustors, Elaine Kennedy, shows that on November 6, 2008 she noted that "Damages due to wind have not

completely been addressed in estimate." *Id.* In an email to a flood adjustor, Kennedy admits, "Unfortunately, the original wind adjustor did not prepare a thorough estimate." *Id.* The Masons' file was re-opened and their home was reinspected by Kennedy, after which the Replacement Cost Value was increased to $76,728.43. (Dkt. 53-5, at 21). Even after this second inspection, subsequent estimates have revealed more damages and have resulted in payments in excess of $93,000 to the Masons. (Dkt. 53-18). This summary judgment evidence creates a fact issue as to whether Scottsdale failed to reasonably investigate the Masons' claim. Scottsdale is not entitled to summary judgment on the bad faith claim.

**2.      Texas Insurance Code Violations**

   **a.      Unfair Settlement Practices**

   The Masons' complaint asserts that Scottsdale engaged in various unfair settlement practices:

   (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

   (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

   (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear; . . .

   (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   (4) failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder; . . .

   (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim

Tex. Ins. Code § 541.060(a)(1), (2)(A), (3), (4), and (7). The court will address these claims *seriatim*.

Scottsdale argues that the Masons cannot put forth any evidence creating a fact issue as to a misrepresentation of a material fact or policy provision required by Tex. Ins. Code § 541.060(a)(1). However, as discussed above, the Masons have put forth evidence that when Scottsdale initially denied the Masons's claim, it represented to them that their wind damages were significantly less than they actually were. Contrary to Scottsdale's argument, the Masons have put forth evidence creating a fact issue as to whether Scottsdale misrepresented a material fact relating to coverage. Scottsdale is not entitled to summary judgment on this claim.

Scottsdale argues that it is entitled to summary judgment on the Masons Tex. Ins. Code § 541.060(a)(2)(A) claim because it paid over $93,000 for the loss and its handing of the claim does not amount to "bad faith." However, the Masons's summary judgment evidence shows that initial estimates of wind damage were significantly less than what was ultimately determined to be covered losses. Moreover, at least one other estimate opines that more covered wind damage remains unpaid. This summary judgment evidence creates a fact issue as to whether Scottsdale failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim. Scottsdale is not entitled to summary judgment on this claim.

Scottsdale argues that there is no evidence to create a fact issue on Mason's Tex. Ins. Code § 541.060(a)(3) claim (failure to provide reasonable explanation). In response, the Masons point to Geraldine Mason's affidavit, which states, "Scottsdale also did not explain why the full payment on our policy was not being made." However, the Fifth Circuit has repeatedly held that "self-serving affidavits, without more, will not defeat a motion for summary judgment." *Tyler v. Cedar Hill Indep. Sch. Dist.*, No. 10-10827, 2011 WL 1990803, at *2 (5th Cir. May 23, 2011) (citing *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir.

6

2001)). The letter the Masons received for the initial denial of the claim explained that the covered losses it calculated in the estimate did not exceed the deductible, and the Masons's response concedes that further payments were made because new covered losses were discovered. Scottsdale is entitled to summary judgment on the Masons's Tex. Ins. Code § 541.060(a)(3) claim.

Scottsdale argues that there is no evidence supporting the Masons' claim that it failed within a reasonable time to affirm or deny coverage under Tex. Ins. Code § 541.060(a)(4). In response, the Masons again point to Geraldine Masons' affidavit, which states, "[Scottsdale] did not affirm or deny coverage within a reasonable time and did not provide an acceptance or rejection of our claim in writing." Again, this self-serving affidavit is insufficient to create a fact issue. *Tyler*, 2011 WL 1990803, at *2. The Masons have not put forth summary judgment evidence giving rise to a fact issue on this claim, and Scottsdale is thus entitled to summary judgment on it.

Finally, Scottsdale argues there is no evidence to create a fact issue on the Masons's Tex. Ins. Code § 541.060(a)(7) claim. However this claim—that the insurer refused to conduct a reasonable investigation—is supported by the same evidence the Masons relied on in support of their bad faith claim. The Masons have created a fact issue on this claim just as they have on their bad faith claim, and thus Scottsdale is not entitled to summary judgment on it.

    **b.    Prompt Payment**

The Masons also assert numerous claims under the Prompt Payment Statute, codified in the Texas Insurance Code. First, the Masons assert a claim under Tex. Ins. Code § 542.055(a), which states:

> Not later than the 15th day or, if the insurer is an eligible surplus lines insurer, the 30th business day after the date an insurer receives notice of a claim, the insurer shall:

>(1) acknowledge receipt of the claim;
>
>(2) commence any investigation of the claim; and
>
>(3) request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant.

Scottsdale argues there is no evidence that Scottsdale violated this provision. The Masons again rely on Geraldine Masons's affidavit, but the affidavit contains nothing to support their bald assertion that "[Scottsdale] also failed to timely acknowledge Plaintiffs' claims, and failed to timely accept or deny Plaintiffs' claims." To the contrary, Scottsdale's adjustor Elaine Kennedy's activity log shows correspondence with the Masons on September 19, 2008, and also shows the first inspection was completed on September 28, 2008 (within fifteen days of the hurricane on September 13, 2008). Scottsdale is entitled to summary judgment on this claim.

The Masons next assert a claim under Tex. Ins. Code § 542.056, which generally requires an insurer to accept or reject a claim in writing (stating the reasons if the claim is rejected) no later than fifteen days after the insurer receives all items necessary to secure final proof of loss. The Masons' response brief complains that Scottsdale did not *pay* the claim in a timely fashion, but does not point to summary judgment evidence to support the assertion that the claim was not accepted or rejected within fifteen days after receipt of all necessary items to secure a final proof of loss. Scottsdale is entitled to summary judgment on this claim.

Finally, the Masons bring a claim under Tex. Ins. Code § 542.058(a), which provides, "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim . . . for more than 60 days, the insurer shall pay damages." Regarding this claim, Elaine Kennedy's activity report shows that she received requested documents from Geraldine Mason up until March 2009 before closing the file. However, the file was

later re-opened and Scottsdale requested more documents on April 15, 2009 when the Masons complained of more damage. The summary judgment evidence shows that payments were made more than sixty days after this date. Thus, Scottsdale is not entitled to summary judgment on this claim.

**3.     Common Law Fraud**

The elements of a common law fraud claim are (1) a material misrepresentation, (2) knowledge of the misrepresentation's falsity or reckless disregard for its truth, (3) intent for the plaintiff to act on the representation, and (4) that the plaintiff actually and justifiably relief on the representation to the plaintiff's detriment. *Ernst & Young, L.L.P. v. Pacific Mut. Life. Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). As set forth above, the summary judgment evidence shows Scottsdale's initial representations as to the amount of wind-related damages, which were substantially underestimated. Further, Kennedy's activity notes suggest that these misrepresentations were made with reckless disregard for the truth of the cause of the plaintiffs' damages. However, the Masons have not set forth any evidence that they detrimentally relied on this misrepresentation. To the contrary, the gravamen of this lawsuit is that they dispute Scottsdale's assessment of the amount of damages caused by wind, as opposed to flooding. Scottsdale is entitled to summary judgment on the Masons' common law fraud claim.

## Conclusion

Accordingly, Scottsdale's motion for partial summary judgment (Dkt. 51) is granted as to the Masons' claims for common law fraud, and for violation of Tex. Ins. Code §§ 541.060(a)(3), 541.060(a)(4), 542.055, and 542.056. All other requested relief is denied.

Signed at Houston, Texas on August 23, 2011.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge