# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| GERALDINE MASON and MURPHY MASON, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-CV-03134 |
| | § | |
| TEXAS FARMERS INSURANCE COMPANY and SCOTTSDALE INSURANCE COMPANY, | § | |
| *Defendants.* | § | |

## MEMORANDUM AND ORDER

This Hurricane Ike insurance claim is before the Court on Defendant Scottsdale Insurance Company's motion to exclude the testimony of Plaintiff's residential property damage expert  (Dkt. 76).

Plaintiffs Geraldine and Murphy Mason designated Mr. Andrew Aga as an expert witness following the death of their previous expert, David Dye.  (Dkt. 76).  After investigating the damages to the Mason's property, Aga prepared a report estimating the costs to repair the home.  (Dkt. 79).  Defendant Scottsdale seeks to disallow Aga's testimony at trial under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

The admissibility of expert testimony is controlled by Federal Rules of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience,

training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), the Supreme Court tasked the federal district courts with a gatekeeper function to keep unreliable expert testimony out of evidence. 509 U.S. at 58. The party seeking to introduce the expert's testimony must prove by a preponderance of the evidence that the expert is qualified, the testimony is reliable and relevant. *Moore v. Ashland Chemical, Inc.,* 151 F.3d 269, 276 (5th Cir.1998). This gate-keeping function extends to all expert testimony. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999). Trial judges have "considerable leeway in ... determining whether particular expert testimony is reliable." *Id.* at 155. The reliability prong of *Daubert* "focuses on whether the expert testimony is based on a reliable methodology...." *Daubert,* 509 U.S. at 595. The relevance prong of *Daubert* does not refer to relevance "simply in the sense that all testimony must be relevant, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact at issue." *Bocanegra v. Vicmar Services, Inc.,* 320 F.3d 581, 584 (5th Cir.2003).

There is no real dispute that Aga has the qualifications to testify as an expert on hurricane property damage. Aga is a licensed property and casualty adjuster in Texas and a licensed public adjuster in Texas. He has served as an expert in evaluating claims from

Hurricane Rita, Katrina, and Ike in both state and federal courts.  Aga has handled over 800 claims generated by Hurricane Rita and 200 claims related to Hurricane Ike.

Scottsdale argues that Aga's testimony is not reliable because he allegedly used no objective methodology, improperly relied upon the opinions of others, and failed to consider other important factual evidence, such as the estimates of defendants' own experts. In particular, Scottsdale complains  that Aga only spent roughly two hours at the property and notes that the roof had been repaired prior to Aga's investigation.  Upon review of the record, the court concludes that these challenges are insufficient to warrant exclusion of Mr. Aga's testimony as an expert witness.

Contrary to Scottsdale's claim, Aga did employ a standard methodology to arrive at his opinions. According to his deposition testimony, Aga visually inspected the home, confirmed the measurements, took photographs, examined and documented property damage on both the interior and exterior, reviewed reports from an engineering expert (Neil Hall) and a prior expert estimator (David Dye). He then prepared his assessment and report, using a standard industry estimating tool called Xactimate. The whole process took about 40 hours to complete. Nothing in this  general methodology would necessarily cast doubt on the reliability of the resulting opinion. While it is true that Aga's on-site inspection took only two hours, there is nothing in the record to suggest that an experienced adjustor would have required more time on site to perform a reliable estimate.   And the fact that the roof had

already been repaired before Aga could inspect it is not his fault, and does not render his estimate unreliable as a matter of law.

Scottsdale's contention that Aga improperly relied upon Dye's report is not supported by the record. Aga testified that while he reviewed Dye's report, he only confirmed the measurements in Dye's report and made his own conclusions regarding the damages estimate. In fact, Aga's findings differed from Dye's findings in several respects, including damage items attributable to wind as opposed to water.

Finally, Scottsdale's claims that Aga overlooked other significant evidence and erroneously included certain items in tabulating his wind estimate are more properly directed towards the weight of Aga's testimony, rather than its admissibility. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence").

For all these reasons, Scottsdale's motion  is denied.

Signed at Houston, Texas on December 1, 2011.

Stephen Wm Smith
United States Magistrate Judge

4